

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable William R. Edwards
County Judge
Upton County
Rankin, Texas

Dear Sir:

Opinion No. O-6354
Re: Whether the Commissioners'
Court of Upton County has
the authority to employ an
attorney to advise the Court
and the county officials dur-
ing the absence of the present
county attorney, who is in the
armed forces?
And other questions.

Your letter of January 1, 1945, requesting the opinion
of this Department on the questions stated therein, is in part,
as follows:

"Due to the fact that we have no County At-
torney, I find it necessary to ask for your opinion
on the following matter and in order that you might
understand will go somewhat into detail. The County
Attorney of this County was inducted into the Mili-
tary Service long about May of 1944 and the County
has been paying him his salary of One Hundred Fifty
Dollars. ($150.00) a month since that time, although
it was necessary to employ counsel for advice to the
Court and the various officers of the County. The
present County Attorney was reelected for the ensu-
ing term but is now somewhere in France or England
and he has filed with the Commissioners' Court a

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. William R. Edwards, Page 2

bond in correct form, except that it is signed,
him by an agent and the oath of office is also
signed by the same agent.

### "QUESTION

"Is this bond a valid one signed as above
indicated and is the oath of office subscribed
to by his agent valid?

"Does the Commissioners' Court of Upton
County have the right to employ an attorney to
advise the Court and the officers during the ab-
sence of the present County Attorney?"

Under the provisions of Article 4399, Vernon's Anno-
tated Civil Statutes, this Department is prohibited from render-
ing legal opinions to County Judges, but, in view of the fact
that your County is without the services of the County Attorney
at the present, we feel it is appropriate to answer your question.

Article 16, Vernon's Annotated Civil Statutes, provides
that each officer in this State, whether elected or appointed
shall, before entering upon the duties of his office, take and
subscribe the oath prescribed by Article 16, Section 1 of the
Constitution of this State; and if he shall be required by law
to give an official bond, said oath shall be filed with said bond.

Article 330, V. A. C. S., provides that each County
Attorney shall, before entering upon the duties of his office
give bond, etc.

Article 5998, V. A. C. S., provides that the official
bond of each officer shall be executed by him with two or more
good and sufficient sureties or solvent surety company authorized
to do business in this State.

Article 26, V. A. C. S., provides that all oaths, af-
fidavits or affirmations may be administered and a certificate of
the fact given, if without the United States, before any notary
public, or any minister, commissioner or charge d'affaires of the
United States, resident in and accredited to the country where the
affidavit may be taken, or any consul general, consul, vice-consul,

Honorable William R. Edwards, Page 3

commercial agent, vice-commercial agent, deputy consul, or consular agent of the United States, resident in such country.

Section 1, Article 16 of the State Constitution, provides the form of oath or affirmation to be used. Article 6602, V. A. C. S., provides for the making of an acknowledgment or proof of an instrument of writing for record before certain officials, and would have no application to the taking of an official oath. We see no legal reason why the person who was elected County Attorney, could not execute his official bond while on Military service in a foreign country, and also take and subscribe the oath prescribed by the Constitution before any person authorized by Article 26 to administer the same. The bond and oath of office filed by the County Attorney with the Commissioners' Court appears to be in correct form, except that the bond and oath of office are signed by an agent of the County Attorney. In view of the foregoing statutes and the Constitution provision, it is our opinion that the County Attorney must execute the oath of office in the form prescribed by the Constitution. Neither the Constitution nor the Statutes authorizes a public official to execute his oath of office by an agent; therefore, we believe that the oath of office executed by an agent is invalid. With reference to the validity of the bond we are confronted with a more serious problem. Generally speaking, ordinarily a person may do by or through his agent what he can do himself. We have failed to find any authority whatsoever pertaining to the authority of the public official executing his official bond by and through an agent. We cannot categorically say whether or not the bond as executed by the agent is valid or invalid. It is our opinion that the County Attorney should take and subscribe the oath prescribed by Article 16, Section 1 of the Constitution of this State before any person authorized by Article 26 to administer same. It would be safer practice for the County Attorney to also execute his bond by signing it personally.

We now consider your question with reference to the authority of the Commissioners' Court of your County to employ an attorney to advise the Court and the county officials during the absence of the County Attorney. It is stated in Texas Jurisprudence, Vol. 11, P. 575:

"The commissioners' court has power to employ attorneys to assist the regularly constituted officers of the county in the prosecution of its claims

Hon. William R. Edwards, Page 4

and suits, and to pay for such services out of
the county funds. It seems, however, that the
commissioners' court does not have the power to
deprive the county attorney of his rightful au-
thority in this regard. The employment of coun-
sel is restricted to special cases where the ser-
vices of an attorney are required; nor has the
court power to make an order which will warrant
the payment of county money to an attorney for
services neither required nor performed." (Adams
v. Seagler, 250 S. W. 413; Gibson v. Davis, 236
S. W. 202; Terrel v. Greene, 31 S. W. 631; Grooms
v. Atascosa County, 32 S. W. 188).

Under the holdings of the above mentioned cases, it
is apparent that the Commissioners' Court has the power and au-
thority to employ attorneys in the prosecution of its claims and
suits and pay for such services out of the general funds of the
county where the county, as a whole, is interested and effected
by such proceedings. Article 334, V. A. C. S., provides:

"The district and county attorneys, upon re-
quest, shall give an opinion or advice in writing
to any county or precinct officer of their district
or county, touching their official duties."

The foregoing statute imposes upon the district and
county attorneys the duty to give opinions and advice in writing
to any county or precinct officer of their district or county.
The county and precinct officials of your county may request
your district attorney for opinions and advice in writing touch-
ing their official duties.

Specifically answering your question regarding the
employment of an attorney, it is our opinion that under the facts
stated by you and the foregoing statutes and the rules of laws
mentioned in our Opinion No. O-4979, a copy of which is enclosed
for your convenience, the Commissioners' Court would not have the
authority to engage counsel to perform the duties of county at-
torney of your county, but that it would have the authority to
engage counsel to advise the Commissioners' Court, but would not
have authority to employ an attorney to advise county and precinct
officials, as it has been held that Article 334 was intended to
impose the duty upon the county and district attorneys, and not
as a restriction upon the Commissioners' Court in the employ-

ment of attorneys to advise and render services to the County in important matters coming before it for its consideration. Gibson, et al. v. Davis, et al, 236 S. W. 202.

With reference to the appointment of county attorneys pro tem and other matters pertaining to the rights of the Commissioners' Court in employing attorneys we direct your attention to Opinion No. 0-4979.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:fo
Eno.

